1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9 <br><br> 10 <br><br> 11 <br><br> 12 <br><br> 13 <br><br> 14 <br><br> 15 <br><br> 16 <br><br> 17 | WILD SALMON RIVERS d/b/a THE CONSERVATION ANGLER; and WILD FISH CONSERVANCY, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE; UNITED STATES DEPARTMENT OF COMMERCE, <br><br> Defendants. | Civil Case No. 2:25-cv-00116-JHC <br><br> STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL |

18

19

**STIPULATED SETTLEMENT AGREEMENT**

20

21

22

23

24

25

Plaintiffs, Wild Salmon Rivers d/b/a/ The Conservation Angler and Wild Fish Conservancy (collectively, the "Plaintiffs") and Federal Defendants the U.S. Department of Commerce and National Marine Fisheries Service (collectively, "the Service"), by and through their undersigned representatives, enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned matter, and state as follows:

26

27

28

WHEREAS, Plaintiffs' complaint alleges a failure to make a 12-month finding on Plaintiffs' August 2022 petition ("Petition") to list the distinct population segment of steelhead (*Oncorhynchus mykiss*) that occur on the Olympic Peninsula in the State of Washington

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF
DISMISSAL – 1
Case No. 2:25-cv-00116-JHC

(hereafter "Olympic Peninsula steelhead") as a threatened or endangered species under the

Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, in response to Plaintiffs' Petition, the Service concluded that listing

Olympic Peninsula steelhead under the ESA "may be warranted." 88 Fed. Reg. 8774–85 (Feb.

10, 2023);

WHEREAS, the Service has not yet issued a 12-month finding on Plaintiffs' Petition. 16

U.S.C. § 1533(b)(3)(B);

WHEREAS, the Court granted Defendants' unopposed motions for extensions of time to

respond to Plaintiffs' Complaint. Dkts. 10, 15, 23;

WHEREAS, the Court granted the parties' joint stipulated motions for extensions of time

to file initial deadlines set by the Court's Order Regarding Initial Disclosures, Joint Status

Report, and Early Settlement, Dkt. 11. Dkts. 13, 17, 22, 25;

WHEREAS, Plaintiffs and the Service (collectively, the "Parties") believe that settlement

in the manner described below is in the public interest and is an appropriate and efficient way to

resolve the claims in the above-captioned case;

WHERAS, the Service intends to provide Plaintiffs notice of the publication date in the

Federal Register referenced in Paragraph 1 on or before the date of publication;

NOW THEREFORE, the Parties desire to compromise and settle Plaintiffs' case

according to the terms set forth below, and thus agree to this Stipulated Settlement Agreement:

1. On or before December 1, 2025, the Service will submit to the Federal Register for

    publication a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B) on Plaintiffs' August

    2022 Petition to list Olympic Peninsula steelhead.

2. Plaintiffs agree that, upon approval of this Agreement by the Court, Plaintiffs' Complaint shall be dismissed with prejudice. To challenge any final 12-month finding issued pursuant to Paragraph 1, Plaintiffs will be required to file a separate action. The Service reserves the right to raise any applicable claims or defenses to such challenges.

3. Future Modifications of this Agreement: The Dismissal Order entering this Stipulated Settlement Agreement ("Order") may only be modified by the Court. The Order may be modified upon good cause shown by stipulated motion of both the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and as granted by the Court after appropriate briefing. In the event that either Plaintiffs or the Service seek to modify the terms of this Agreement, they will first provide written notice of the proposed modification and the reasons for such modification to the other Party. The Parties will then meet and confer (virtually, telephonically, or in person) at the earliest possible time before any Party seeks this Court's approval for modification.

4. Dispute Resolution:

   A. If any Party believes another Party has failed to comply with any term of this Agreement, the Party asserting noncompliance shall provide the other(s) with written notice and the basis for the alleged noncompliance. The Parties shall meet and confer (virtually, telephonically, or in person) to attempt to resolve the dispute within 14 calendar days of the written notice or such time thereafter as is mutually agreed upon.

   B. After the initial meet and confer, the Parties will have 30 days, or such time thereafter as is mutually agreed upon, to resolve the dispute. If the Parties are unable to resolve the dispute within that time, then either Party may file a motion to enforce the Order.

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF
DISMISSAL – 3
Case No. 2:25-cv-00116-JHC

C. If any Party fails to meet any of its obligations under paragraphs 1 through 4 of this Agreement, the other Party's first remedy shall be by motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. Attorneys' Fees and Costs:

A. The Service shall pay Plaintiffs a total of $20,000.00 for attorneys' fees, costs, and other litigation expenses for this lawsuit.

B. The Service shall make the payment by electronic funds transfer.

C. Plaintiffs will provide the Service with the account information necessary to effectuate the payment. The Service will submit all necessary paperwork for the processing of the attorneys' fees award within 10 business days of the Court's entry of the Order approving this Agreement or the receipt of the information described in this paragraph, whichever is later.

D. Plaintiffs agree to accept the Service's payment of $20,000.00 in full satisfaction of all claims for attorneys' fees and costs of litigation incurred in this matter to date. Plaintiffs agree that receipt of this payment from the Service shall operate as a release of Plaintiffs' claims for attorney's fees and costs in this matter to date.

E. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See Astrne v. Ratliff,* 560 U.S. 586 (2010).

6.  Representative Authority: The undersigned representatives of Plaintiffs and the Service certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind those parties to it.

7.  Compliance with Other Laws: Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the Service obligates or pays funds, or take any other actions, in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, the ESA, the Administrative Procedure Act ("APA"), or any other applicable law or regulation, either substantive or procedural. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; to otherwise extend or grant the Court jurisdiction to hear any matter, except as expressly provided in the Agreement; or to limit or modify the discretion accorded to the Services by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any finding required herein, or as to the substance of any finding.

8.  Mutual Drafting and Other Provisions:

    A.  It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiffs and the Service. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

    B.  This Agreement contains all of the agreements between Plaintiffs and the Service and is intended to be and is the final and sole agreement between Plaintiffs and the

Service concerning the complete and final resolution of Plaintiffs' complaint.

Plaintiffs and the Service agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be in writing and approved by this Court.

C.  This Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or the Service to any fact, claim, defense, or issue of law. No part of this Agreement shall have precedential value in any pending or future litigation, representations before any court, administrative action, forum, or any public setting. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have.

9.  Continued Jurisdiction: Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify the terms of this Agreement, subject to the dispute resolution procedures specified in paragraph 4 above. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

DATED: June 30, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
NICOLE SMITH, Assistant Section Chief

By:   s/   Kieran F. O'Neil
KIERAN F. O'NEIL, Trial Attorney

1    AK Bar No. 2311132
     U.S. Department of Justice
2    Environment and Natural Resources Division
     Wildlife & Marine Resources Section
3    P.O. Box 7611, Ben Franklin Station
     Washington, D.C. 20044-7611
4    Tel:    (202) 353-7548
     Fax:    (202) 305-0275
5    Email: Kieran.O'Neil@usdoj.gov
6

7    *Attorneys for Defendants*

8

9    KAMPMEIER & KNUTSEN, PLLC

10   By:  s/  Brian A. Knutsen
     Brian A. Knutsen, WSBA No. 38806
11   1300 S.E. Stark Street, Suite 202
     Portland, Oregon 97214
12   Telephone: (503) 841-6515
     Email: brian@kampmeierknutsen.com
13

14   Erica L. Proulx, WSBA No. 60155
     705 Second Avenue, Suite 901
15   Seattle, Washington 98104
     Telephone: (206) 739-5184
16   erica@kampmeierknutsen.com

17

18   *Attorneys for Plaintiffs The Conservation*
     *Angler & Wild Fish Conservancy*
19

20

21

22

23

24

25

26

27

28

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF
DISMISSAL – 7
Case No. 2:25-cv-00116-JHC

1    PURSUANT TO STIPULATED SETTLEMENT AGREEMENT, IT IS SO ORDERED.

2    The Stipulated Settlement Agreement executed by the Parties is hereby incorporated into

3    this Order.

4

5    IT IS FURTHER ORDERED that this Court shall have continuing jurisdiction to enforce

6    this Order and the terms of the Stipulated Settlement Agreement consistent with the terms of the

7    Stipulated Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375

8    (1994).

9    IT IS FURTHER ORDERED that this case is hereby DISMISSED with prejudice.

10

11

12    DATED this 1st day of July, 2025

13

14

15    JOHN H. CHUN
         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28